ANAHEIM CITY ATTORNEY'S OFFICE
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
SUNNY HUYNH (SBN 318012)
E-mail: shuynh@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant City of Anaheim

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SANTANA,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF ANAHEIM, DOES 1 TO 10,<br><br>     Defendants. | Case No.: 8:25-cv-01327 JWH (DFMx)<br><br>Assigned to:   Hon. John W. Holcomb<br>Dept.:            9D<br><br>**CITY OF ANAHEIM'S ANSWER TO COMPLANT FOR DAMAGES**<br><br>Action Filed:  6/19/2025<br>Trial Date:     None set |

Defendant the City of Anaheim ("Anaheim") hereby answer Plaintiff's Complaint for Damages on file herein as follows:

## **ANSWER**

1.    Answering paragraphs 1-2, Anaheim admits that jurisdiction and venue properly lie with this Court.

2.    Answering paragraph 3, Anaheim lacks sufficient information and belief to respond to the allegations contained therein and on that basis denies these allegations.

3.  Answering paragraph 4, Anaheim denies that its police officers used unjustified or excessive force during the alleged incident. With respect to the remaining allegations in this paragraph regarding alleged injuries to plaintiff, Anaheim lacks sufficient information and belief to respond to the allegations contained therein and on that basis denies these allegations.

4.  Answering paragraph 5, Anaheim denies the allegations contained therein.

5.  Answering paragraph 6, Anaheim lacks sufficient information and belief to respond to the allegations regarding plaintiff's residence contained therein and on that basis denies these allegations.

6.  Answering paragraph 7, Anaheim admits that it is a political subdivision of the State of California and a local government entity. Except for conclusions of law requiring no answer, Anaheim denies the remaining allegations of this paragraph.

7.  Answering paragraph 8, Anaheim lacks sufficient information and belief to respond to these allegations concerning unidentified "Doe" defendants, and on that basis denies these allegations. The remaining allegations of this paragraphs consist of alleged conclusions of law requiring no answer.

8.  Answering paragraphs 9-14, Anaheim lacks sufficient information and belief to respond to allegations concerning unidentified "Doe" defendants, and on that basis denies these allegations.

9.  Answering paragraph 15, Anaheim admits that plaintiff filed a timely claim for damages with Anaheim.

10. Answering paragraphs 16-20, Anaheim denies the allegations contained therein.

11. Answering paragraph 21, Anaheim incorporates its responses to Paragraphs 1-20 as if fully set forth herein.

12. Answering paragraph 22, Anaheim admits that one or more of its police officers detained plaintiff. Except as expressly admitted, Anaheim denies the remaining allegations contained in this paragraph.

13. Answering paragraphs 23-27, Anaheim denies the allegations contained therein.

14. Answering paragraphs 28-29, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

15. Answering paragraph 30, Anaheim incorporates its responses to Paragraphs 1-29 as if fully set forth herein.

16. Answering paragraphs 31-36, Anaheim denies the allegations contained therein.

17. Answering paragraphs 37-38, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

18. Answering paragraph 39, Anaheim incorporates its responses to Paragraphs 1-38 as if fully set forth herein.

19. Answering paragraph 40, Anaheim denies the allegations contained therein.

20. Answering paragraph 41, Anaheim denies that any of its police officers used excessive force against plaintiff.

21. Answering paragraphs 42-43, Anaheim denies that any of its police officers violated plaintiff's Constitutional rights or acted pursuant to unconstitutional policies, practices, or customs.

22. Answering paragraphs 44-45, Anaheim denies the allegations contained therein.

23. Answering paragraphs 46-47, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

24. Answering paragraph 48, Anaheim incorporates its responses to Paragraphs 1-47 as if fully set forth herein.

25. Answering paragraphs 49-53, Anaheim denies the allegations contained therein.

26. Answering paragraphs 54-55, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

27. Answering paragraph 56, Anaheim incorporates its responses to Paragraphs 1-55 as if fully set forth herein.

28. Answering paragraph 57, Anaheim denies the allegations contained therein.

29. Answering paragraphs 58-60, Anaheim denies that any of its police officers violated plaintiff's Constitutional rights or that Anaheim ratified any violation plaintiff's Constitutional rights.

30. Answering paragraphs 61-63, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

31. Answering paragraph 64, Anaheim incorporates its responses to Paragraphs 1-63 as if fully set forth herein.

32. Answering paragraphs 65-68, Anaheim denies the allegations contained therein.

33. Answering paragraph 69, and except for conclusions of law requiring no answer, Anaheim denies the allegations contained therein.

34. Answering paragraph 70, Anaheim denies the allegations contained therein.

35. Answering paragraph 71, Anaheim incorporates its responses to Paragraphs 1-70 as if fully set forth herein.

36. Paragraph 72 consists only of conclusions of law requiring no answer.

37. Answering paragraphs 73-74, Anaheim denies the allegations contained therein.

38. Answering paragraph 75, and except for conclusions of law requiring no answer, Anaheim denies the allegations contained therein.

39. Answering paragraph 76, Anaheim denies that plaintiff is entitled to any damages in this action.

40. Answering paragraph 77, Anaheim incorporates its responses to Paragraphs 1-76 as if fully set forth herein.

41. Paragraph 78 consists only of conclusions of law requiring no answer.

42. Answering paragraphs 79-83, Anaheim denies the allegations contained therein.

43. Answering paragraph 84, and except for conclusions of law requiring no answer, Anaheim denies the allegations contained therein.

44. Answering paragraph 85, Anaheim denies the allegations contained therein.

45. Answering paragraph 86, Anaheim denies that plaintiff is entitled to any damages, fees or costs in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

46. The complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

47. The acts or omissions alleged were not the proximate result of the conduct of Anaheim or were proximately caused by persons or entities other than Anaheim such that Anaheim cannot be held liable for such acts or omissions.

### THIRD AFFIRMATIVE DEFENSE

48.  Anaheim's police officers referenced in the complaint are immune from liability for certain of plaintiff's claims herein because, at all times mentioned in the Complaint, each conducted himself reasonably, in good faith, in the course and scope of his duties and within all constitutional and statutory parameters pertaining to his actions as a duly authorized police officer, and thus is entitled to immunity from suit herein.

### FOURTH AFFIRMATIVE DEFENSE

49.  The complaint has failed to state facts sufficient to constitute a claim against Anaheim in accordance with *Monell v. Department of Social Services*, 98 S.Ct. 2018 (1978).

### FIFTH AFFIRMATIVE DEFENSE

50.  Some or all of the claims set forth in the complaint are barred in that, at all relevant times, defendants acted reasonably, with a good faith belief in the legality of their respective actions, based upon probable cause and the relevant facts and circumstances known to each of them at the time they acted.

### SIXTH AFFIRMATIVE DEFENSE

51.  Plaintiff failed to exercise ordinary care, caution and prudence for his own welfare so as to avoid the happening of the alleged injuries and thereby contributed thereto.  Plaintiff's recovery is therefore barred to the degree of such contribution.

### SEVENTH AFFIRMATIVE DEFENSE

52.  With respect to certain matters alleged in the complaint, police officers employed by Anaheim were acting in self-defense or defense of others.

### EIGHTH AFFIRMATIVE DEFENSE

53. The conduct alleged was not a substantial factor in causing the harm alleged.

### NINTH AFFIRMATIVE DEFENSE

54. The actions of Anaheim's police officers were privileged by virtue of Penal Code §§196, 197, 834a and 835a which governs the lawful use of force by police officers. Penal Code §835a provides: "Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed the aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance." Further, the actions of Anaheim's police officers were privileged by virtue of Penal Code §834a which provides: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using any force or any weapon to resist such arrest."

### TENTH AFFIRMATIVE DEFENSE

55. Anaheim denies that any defendant engaged in the wrongful conduct alleged in the complaint or that plaintiff suffered any damages whatsoever as a result of any wrongful conduct by any of defendants; however, to the extent plaintiff claims to have suffered damages as a result of the conduct alleged in the complaint, some alleged damages were the result of plaintiff's failure to take reasonable steps to mitigate the damages allegedly suffered.

### ELEVENTH AFFIRMATIVE DEFENSE

56. Any recovery on the complaint is barred or limited by the comparative fault of plaintiff. If any defendant is held liable under the complaint, Anaheim requests an apportionment of fault be made as to all parties, named and unnamed, and a judgment and declaration of partial indemnification and contribution against all other parties or persons, named and unnamed, in accordance with the apportionment of fault.

### TWELFTH AFFIRMATIVE DEFENSE

57. Any act or omission attributable to any of Anaheim's police officers, including any alleged use of force, was objectively reasonable under all of the circumstances. *Graham v. Connor* 490 U.S. 386, 387 (1989); *Blanford v. Sacramento* 406 F.3d 1110, 1115 (9th Cir. 2005).

### THIRTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff has failed to allege facts sufficient to state a cause of action upon which relief can be granted for violation of Civil Code § 52.1. Anaheim's police officers had no "specific intent" or "purpose to harm" plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

59. With respect to certain claims, Anaheim's police officers are immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815, 818.2, 820, 820.2, 820.6, 820.8, 845.6 and 845.8(b); and California Penal Code §§ 834, 835 and 836.5.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

60. Anaheim and its police officers are not liable for the damages alleged in the complaint by reason of the provisions of California Government Code § 815.2(b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

61. Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of California Government Code § 820.4, in that a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

62. Any alleged detention by any police officer of the Anaheim Police Department was supported by reasonable suspicion. *People v. Souza* (1994) 9 Cal.4th 224, 231. Any alleged arrest by any police officer of the Anaheim Police Department was supported by probable cause. California Penal Code § 836.

## EIGHTEENTH AFFIRMATIVE DEFENSE

63. Some or all of plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

64. Anaheim is informed and believes, and based thereon alleges, that certain additional affirmative defenses are available. Said affirmative defenses will require a certain amount of discovery and/or investigation before they can properly be alleged. Anaheim will move to amend this Answer to allege such

additional affirmative defenses once they have been fully ascertained and can be properly pleaded. Said affirmative defenses are not being brought at this time due to lack of time and/or information in which to plead them.

Wherefore, Anaheim prays for relief as follows:

1. That Plaintiff take nothing by his complaint herein;
2. That Anaheim be awarded its costs of suit, including attorneys' fees, pursuant to 42 U.S.C. §1988 and C.C.P. §§1021.7 and 1038; and
3. For such other and further relief as the Court deems just and proper.

ROBERT FABELA, CITY ATTORNEY

By: ___/S/ Gregg M. Audet___
Gregg M. Audet
Assistant City Attorney
Attorneys for Defendant
City of Anaheim

155801