**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff David Santana*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SANTANA,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF ANAHEIM AND DOES 1–10<br><br>  Defendants. | Case No. 8:25-cv-01327-JWH-DFM<br><br>*Judge John W. Holcomb*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br>Date: September 19, 2025<br>Time:    11:00 a.m.<br>Ctrm:    9D<br><br>Complaint (with Demand for Jury Trial) Filed: June 19, 2025<br>Answer Filed by City of Anaheim: July 22, 2025 |

Pursuant to this Court's Standing Order (ECF No. 9), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff David Santana ("Plaintiff") and Defendant City of Anaheim ("Anaheim") (Plaintiff and Anaheim are collectively the "Parties") submit the following report, by and through their respective counsel of record:

## I.    STATEMENT OF THE CASE

This case arises from the alleged use of excessive force by Anaheim police officers against Plaintiff David Santana on June 25, 2023. Plaintiff alleges that he is a U.S. military veteran who, while fully handcuffed and posing no threat, was

dropped on his head by officers, causing a traumatic brain injury and lasting neurological impairments. Plaintiff alleges that the officers further violated his rights by denying him timely medical care despite obvious signs of distress. He contends that these harms were the result of unconstitutional customs, inadequate training, and ratification of misconduct by Anaheim. The Complaint asserts federal claims under 42 U.S.C. § 1983 for excessive force, denial of medical care, municipal liability, and ratification, as well as state law claims for battery, negligence, and violation of California Civil Code § 52.1.

Anaheim denies these allegations and disputes liability. Anaheim asserts that its police officers acted lawfully, reasonably, and in good faith under the circumstances, and further contends that any force used was objectively reasonable. Anaheim also asserts that Plaintiff's alleged injuries were not proximately caused by the conduct of its officers, that Plaintiff failed to mitigate any damages, and that any recovery must be reduced or barred by Plaintiff's own comparative fault. Anaheim also raises additional affirmative defenses, including qualified immunity, statutory immunities under the California Government Code, and privileges under California Penal Code §§ 196, 197, 834a, and 835a governing lawful use of force

## II. SUBJECT MATTER JURISDICTION

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

## III. LEGAL ISSUES

The key legal issues in dispute include:

- Whether Defendants violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by using excessive force by dropping him on his head while he was fully handcuffed and posed no threat;
- Whether Anaheim is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for maintaining unconstitutional customs, practices, or policies—including inadequate training, failure to supervise, and ratification of excessive force;
- Whether Defendants are liable under California law for battery, negligence, and violations of the Bane Act (Cal. Civ. Code § 52.1);
- Whether Anaheim and its officers are entitled to qualified immunity or statutory immunities under California law;
- Whether Plaintiff's alleged injuries were proximately caused by the conduct of Anaheim's officers and, if so, the extent of any recoverable damages; and
- Whether comparative fault, mitigation of damages, or equitable doctrines limit or bar Plaintiff's recovery.

### IV. PARTIES, EVIDENCE, ETC.

Several categories of parties and evidence will be central to this case. Plaintiff David Santana will testify regarding the events of June 25, 2023, his injuries, and their continuing impact. Anaheim Police Department officers will testify regarding their conduct and observations. In addition, several civilian witnesses observed portions of Plaintiff's actions preceding his arrest and his interaction with the officers and are expected to provide testimony regarding what they saw and heard.

Key documents and other evidence may include body-worn camera footage, third-party video, dispatch communications, and radio traffic recordings. These materials may provide additional context regarding the actions of Plaintiff and Anaheim's police officers' before, during, and after the incident.

## V. DAMAGES

Plaintiff seeks compensatory damages for physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, medical expenses, lost wages, and diminished earning capacity. Plaintiff also seeks punitive damages against the individual officers, as well as attorney's fees, costs, and interest.

## VI. INSURANCE

Anaheim is self-insured up to $1 million with excess coverage.

## VII. MOTIONS

There are no prior or pending motions.

Plaintiff does not anticipate filing any dispositive motions. However, Plaintiff expects to file motions in limine and Daubert motions prior to trial, if necessary. Additionally, depending on how discovery progresses, Plaintiff may file discovery-related motions should disputes arise that cannot be resolved informally.

Anaheim anticipates filing a motion for summary judgment.

## VIII. MANUAL FOR COMPLEX LITIGATION

The parties do not believe this case requires use of the Manual for Complex Litigation.

## IX. STATUS OF DISCOVERY

The Parties have agreed to exchange initial disclosures with documents on September 12, 2025.

## X. DISCOVERY PLAN

Plaintiff intends to conduct discovery into the officers' conduct, Anaheim's policies and training, and Plaintiff's damages. Depositions will include involved officers, civilian witnesses, and treating providers. Plaintiff will seek body-worn camera footage, dispatch audio, and policy documents relevant to Monell claims.

Anaheim intends to conduct discovery regarding the events preceding and following the subject incident. Plaintiff's medical history, alleged damages, prior

injuries, and other potential causes of his claimed injuries. Anaheim anticipates deposing Plaintiff, his treating providers, and other relevant witnesses.

Expert witnesses will address police practices, medical and neurological injury, and damages.

## XI. DISCOVERY CUT-OFF

The Parties propose a fact discovery cut-off of June 19, 2026.

## XII. EXPERT DISCOVERY

Initial expert disclosures: June 26, 2026.

Rebuttal expert disclosures: July 24, 2026.

Completion of expert discovery: August 7, 2026.

## XIII. DISPOSITIVE MOTIONS

Plaintiff does not anticipate filing dispositive motions but reserves the right to file as necessary.

Anaheim anticipates filing a motion for summary judgment.

## XIV. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The Parties have not yet engaged in settlement discussions. They propose private mediation as the preferred form of ADR and anticipate mediating after initial fact discovery, including depositions of key witnesses.

## XV. TRIAL ESTIMATE

The Parties request a jury trial. Based on the current scope of claims and anticipated witnesses, the Parties estimate trial will require approximately five (5) court days.

## XVI. TRIAL COUNSEL

Lead Trial Counsel for Plaintiff is Dale K. Galipo, Plaintiff is also represented by Cooper Alison-Mayne. Both attorneys are registered to receive ECF notifications.

Lead Trial Counsel for Anaheim is Gregg M. Audet. Anaheim is also represented by Sunny Huynh.

## XVII. INDEPENDENT EXPERT OR MASTER

The Parties do not believe appointment of a master or independent expert is necessary.

## XVIII. TIMETABLE

The Parties' proposed schedule is set forth in the attached Exhibit A.

## XIX. AMENDING PLEADINGS AND ADDING PARTIES

Plaintiff intends to amend the Complaint to substitute the Doe officers once their identities are determined through discovery. To allow sufficient time for this process, the Parties propose that the deadline to hear a motion to amend the pleadings be set for November 21, 2025.

## XX. OTHER ISSUES

The Parties may file a stipulated protective order to govern the use of confidential materials, including police personnel and training records. No other unusual issues are presently anticipated.

## XXI. CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The Parties have discussed whether to consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). At this time, the Parties do not consent.

Dated: September 3, 2025        **LAW OFFICES OF DALE K. GALIPO**

By:   /s/   Cooper Alison-Mayne
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff David Santana*

1  Dated: September 3, 2025  **ANAHEIM CITY ATTORNEY'S OFFICE**

4              By:   */s/   Gregg M. Audet*
                    Gregg M. Audet
                    Sunny Huynh
                    Attorneys for Defendant Anaheim

7

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| | | | |
|---|---|---|---|
| Case No.: | 8:25-cv-01327-JWH-DFM | | |
| Case Name: | David Santana v. City of Anaheim, et a | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| ☒ Jury Trial or ☐ Bench Trial (Monday at 9:00 a.m.) Length: 5 days | November 2, 2026 | Agreed | |
| Final Pretrial Conference [L.R. 16] (Friday—17 days before trial date) | October 16, 2026 | Agreed | |
| Hearing on Motions *in Limine* (Friday—7 days before Final PTC) | October 9, 2026 | Agreed | |
| Last Date to Hear Non-Discovery Motions | August 28, 2026 | Agreed | |
| Last Date to Conduct Settlement Conference | June 12, 2026 | Agreed | |
| All Discovery Cut-Off (including hearing all discovery motions) | June 19, 2026 | Agreed | |
| Expert Disclosure (Rebuttal) | July 24, 2026 | Agreed | |
| Expert Disclosure (Initial) | June 26, 2026 | Agreed | |

ADR [L.R. 16-15] Settlement Choice:

☐ Attorney Settlement Officer Panel

☒ Private Mediation

☐ Magistrate Judge