# EXHIBIT A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Santana, <br><br> Plaintiff, <br><br> vs. <br><br> City of Anaheim~~, and DOES 1-10Officer~~ Edgar Ruano, and Mark Hwang <br><br> Defendants. | Case No. 8:25cv1327-JWH-DFM <br><br> **AMENDED COMPLAINT FOR DAMAGES** <br><br> Federal Law Claims <br> 1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983) <br> 2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983) <br> 3. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983) <br> 4. Municipal Liability, Failure to Train (42 U.S.C. § 1983) <br> 5. Municipal Liability – Ratification (42 U.S.C. § 1983) <br><br> State Law Claims <br> 6. Battery <br> 7. Negligence <br> 8. Violation of Cal. Civil Code § 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COME NOW Plaintiff David Santana for his Complaint against Defendants City of Anaheim, ~~and Anaheim Police Officer~~Edgar Ruano, and Mark Hwang~~s, DOES 1-5, sued in their individual capacities~~, alleging as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Mr. Santana asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3. On June 25, 2023 the ordinary life of Plaintiff David Santana, a US military veteran, was catastrophically and irrevocably shattered.

4. In an unjustified and excessive ~~display~~ use of force, Edgar Ruano ~~Anaheim police officers, whose identities are yet to be ascertained,~~ dropped Mr. Santana on his head while he was fully handcuffed. This violent act caused a traumatic brain injury, resulting in a left-sided subdural hematoma, ~~and~~ aggravating a history of prior head injuries, and caused permanent brain damages. In the aftermath, Mr. Santana experienced severe and worsening symptoms, including persistent left-sided headaches, neck and back pain, shoulder pain, numbness and tingling, speech difficulties, dizziness, joint pain, and vision disturbances such as seeing black and white spots, double or "meshed" vision, difficulty focusing, and heightened light sensitivity. He continues to require a comprehensive medical evaluation to assess the extent of the damage.

5. These tragic events are a direct consequence of the deeply flawed policies and practices at the City of Anaheim Police Department. The department's

inadequate and deficient training procedures have not only failed to prevent such instances of excessive force, but also, the department has ratified the unconstitutional conduct of their officers time and time again.

## PARTIES

6. At all relevant times, Plaintiff David Santana was an individual residing in the State of California.

7. Defendant City of Anaheim is a political subdivision of the State of California. In committing the acts alleged herein, the City of Anaheim was acting as a local government entity, not as an "arm of the state" for purposes of Eleventh Amendment immunity.

8. City of Anaheim is responsible for the actions, omissions, policies, procedures, practices, and customs of its various departments and agents, including the Anaheim Police Department and its employees. At all relevant times, the City of Anaheim was responsible for ensuring that the conduct of its police officers and other agents complied with the laws and constitutions of the United States and the State of California. The City of Anaheim was also the employer of Edgar Ruano~~DOES 1–5~~.

9. Edgar Ruano is an~~DOES 1–5 are~~ Anaheim police officer~~s~~. At all relevant times, Edgar Ruano was~~DOES 1–5 were~~ acting under color of law and within the course and scope of ~~their~~ his employment as a police officer~~s~~ for the City of Anaheim. Edgar Ruano~~DOES 1–5~~ engaged in the conduct described herein with the full authority, approval, and ratification of their employer, the City of Anaheim.

10. On information and belief, Edgar Ruano was a~~DOES 1–5 were~~ resident~~s~~ of the County of Orange, California, at all relevant times.

11. In doing the acts and failing to act as described herein, Edgar Ruano~~DOES 1–5~~ acted with the knowledge, consent, and ratification of the City of Anaheim and its supervisory personnel.

~~12. The true names and capacities, whether individual, corporate, or~~

-2-
COMPLAINT FOR DAMAGES

1  ~~otherwise, of Defendants sued herein as DOES 1-5 are unknown to Plaintiff, who~~
2  ~~therefore sues these Defendants by fictitious names. Plaintiff will seek leave to~~
3  ~~amend this Complaint to allege their true names and capacities when they are~~
4  ~~ascertained.~~
5  ~~13.    At all relevant times, DOES 1-5 were acting as agents, servants,~~
6  ~~employees, and/or representatives of the City of Anaheim, and in doing the things~~
7  ~~alleged herein, were acting within the course and scope of such agency, service,~~
8  ~~and/or employment. The City of Anaheim ratified the acts and omissions of DOES~~
9  ~~1-5.~~
10  12.    Edgar Ruano is~~DOES 1-5 are~~ sued in ~~their~~ his individual capacit~~ies~~y.
11  13.    Mark Hwang is an Anaheim police officer. At all relevant times, Mark
12  Hwang was acting under color of law and within the course and scope of his
13  employment as a police officer for the City of Anaheim. Mark Hwang engaged in
14  the conduct described herein with the full authority, approval, and ratification of
15  their employer, the City of Anaheim.
16  14.    On information and belief, Mark Hwang was a resident of the County
17  of Orange, California, at all relevant times.
18  15.    In doing the acts and failing to act as described herein, Mark Hwang
19  acted with the knowledge, consent, and ratification of the City of Anaheim and its
20  supervisory personnel.
21  ~~14.~~16. Mark Hwang is sued in his individual capacity.
22  ~~15.~~17. On or about November 29, 2023, Plaintiff David Santana filed a timely
23  claim for damages with the City of Anaheim pursuant to the applicable provisions of
24  the California Government Code.
25          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**
26  ~~16.~~18. On or about June 25, 2023, Plaintiff David Santana was subjected to
27  excessive and unjustified force by officers of the Anaheim Police Department,
28  identified herein as Edgar Ruano. ~~DOES 1-5.~~

-3-
COMPLAINT FOR DAMAGES

19. At the time of the incident, Mr. Santana was fully handcuffed and posed no threat to the officers or to anyone else. Despite this, Edgar Ruano ~~DOES 1–5~~ dropped Mr. Santana to the ground causing him to his head.

~~17.~~20. Mark Hwang was present and assisted in detaining and moving Mr. Santana. Hwang participated in the tactics used to place Mr. Santana into the patrol vehicle, which directly contributed to the circumstances that resulted in Mr. Santana being dropped to the ground.

~~18.~~21. This use of extreme force on a restrained and compliant individual was wholly unnecessary and unreasonable under the circumstances.

~~19.~~22. As a result of the force used by Edgar Ruano ~~DOES 1–5~~, Mr. Santana sustained a traumatic brain injury, including a left-sided subdural hematoma. He experienced numerous symptoms, including severe headaches, visual disturbances (such as seeing black and white spots and "meshed" or doubled vision), sensitivity to light, speech difficulties, neck and back pain, shoulder pain, dizziness, numbness, and tingling. These symptoms have persisted and worsened over time and require ongoing medical evaluation and care.

~~20.~~23. The conduct of Edgar Ruano ~~DOES 1–5~~ was malicious, wanton, and oppressive. Mr. Santana is therefore entitled to an award of punitive damages against said defendant officer~~s~~.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment, Excessive Force (42 U.S.C. § 1983)**

**Against Defendant~~s~~ Edgar Ruano and Mark Hwang ~~Does 1–5~~**

~~21.~~24. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~22.~~25. Edgar Ruano's ~~DOES 1–5~~ use of force against Mr. Santana was ~~were~~ excessive and unreasonable under the circumstances. ~~These~~ Defendant~~s~~ encountered Mr. Santana who may have been in the midst of a mental health crisis, and instead of

providing the assistance he needed, he ~~they~~ detained and severely battered him. At the time of the incident, Mr. Santana offered minimal resistance to the officer~~s~~, made no attempt to flee, and had committed no serious crime.

~~23.~~26. ~~These~~ Defendant's~~'~~ use~~s~~ of force was ~~were~~ further excessive in that Mr. Santana never physically injured him ~~them~~ or anyone else before or after the officer~~s~~ assaulted him. Further, Mr. Santana never verbally threatened anyone, and never brandished a weapon.

~~24.~~27. The unreasonable use of force by Edgar Ruano ~~DOES 1–5~~ deprived Mr. Santana of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Santana under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

~~25.~~28. As a result of the excessive force inflicted by Edgar Ruano ~~DOES 1–5~~, Mr. Santana sustained a traumatic brain injury, including a left-sided subdural hematoma. He has suffered—and continues to suffer—from a constellation of serious neurological and physical symptoms, including persistent and severe headaches, visual disturbances (such as black and white spots, blurred, doubled, or "meshed" vision), increased sensitivity to light, speech difficulties, neck and back pain, shoulder pain, dizziness, numbness, and tingling in his extremities. These symptoms have not only persisted but have worsened over time, substantially impacting Mr. Santana's daily functioning and quality of life. He continues to require ongoing medical care, neurological evaluation, and treatment.

29. As a result of the conduct of Edgar Ruano ~~DOES 1–5~~, he ~~they~~ is ~~are~~ liable for Mr. Santana's injuries ~~— whether because~~ he ~~they~~ directly caused them, ~~was~~ were an integral participant~~s~~ in the use of excessive force, or failed to intervene to prevent the constitutional violations.

~~26.~~30. Mark Hwang is liable for Mr. Santana's injuries as an integral participant in the use of excessive force. Hwang was present, assisted in the detention, and participated in the plan that led to Mr. Santana's head injury. Hwang

-5-
COMPLAINT FOR DAMAGES

also failed to intervene to prevent the constitutional violation.

27.31. The conduct of Edgar Ruano DOES 1–5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Santana and therefore warrants the imposition of punitive damages against him them.

28.32. Mr. Santana brings this claim and seeks damages on this claim, including for Mr. Santana's injuries, including for pain and suffering, emotional distress from his physical injuries, humiliation, financial loss, and reduced earning capacity.

29.33. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF

**Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)**

**Against Defendant Edgar Ruano Does 1–5**

30.34. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

31.35. Following his their use of excessive force against Mr. Santana, Defendants Edgar Ruano DOES 1–5 failed to promptly summon or provide necessary medical care despite being aware of his serious and obvious injuries.

32.36. Mr. Santana exhibited clear signs of medical distress, including head trauma, disorientation, visible pain, and neurological symptoms. Nevertheless, Edgar Ruano DOES 1–5 failed to take reasonable steps to secure timely medical treatment or alert emergency medical personnel, despite their legal obligation to do so under the Fourth Amendment.

33.37. The failure of Edgar Ruano DOES 1–5 to obtain or provide medical care was objectively unreasonable under the circumstances and constituted a further violation of Mr. Santana's rights under the Fourth Amendment to be free from unreasonable seizures and the use of force without adequate medical attention.

38. As a direct and proximate result of Defendant's denial of medical care, Mr. Santana's injuries were exacerbated, his suffering was prolonged, and his long-term prognosis was worsened. He continues to suffer from ongoing neurological and physical impairments that require medical attention.

39. Edgar Ruano is liable for the denial of medical care because he was directly involved in Mr. Santana's detention and the use of force, was aware of his need for medical attention, and failed to act.

40. The conduct of Edgar Ruano was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Santana and therefore warrants the imposition of punitive damages against him.

41. Mr. Santana brings this claim and seeks damages on this claim, including for Mr. Santana's injuries, including for pain and suffering, emotional distress from his physical injuries, humiliation, financial loss, and reduced earning capacity.

42. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**Against City of Anaheim**

43. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44. As alleged above, Defendant Egar Ruano acted under color of state law, and his actions deprived Mr. Santana of rights secured by the United States Constitution, including his Fourth Amendment right to be free from excessive force and unreasonable seizures.

45. On information and belief, Edgar Ruano was not disciplined or meaningfully reprimanded in connection with the excessive force used

against Mr. Santana.

42.46. The acts of Egar Ruano DOES 1-5 were not isolated incidents. Rather, they were consistent with longstanding customs, practices, and policies of the City of Anaheim, including its Police Department. These unconstitutional policies, practices, and customs included, but were not limited to:

  i. Using excessive force, particularly by dropping restrained individuals onto the ground head-first, even when such force is unnecessary and poses a risk of serious injury;
  ii. Failing to adequately train officers in the safe detention and handling of individuals, including individuals who are handcuffed or restrained;
  iii. Failing to train officers on the dangers and proper medical response to head injuries;
  iv. Employing and retaining officers, including Edgar Ruano DOES 1-5, whom the City of Anaheim knew or reasonably should have known had dangerous propensities for using excessive force and abusing their authority;
  v. Inadequately supervising, training, and disciplining officers, including Edgar Ruano DOES 1-5, despite knowledge of their use-of-force history and associated risks;
  vi. Maintaining deficient procedures for reporting, investigating, and reviewing use-of-force incidents, particularly those involving vulnerable or restrained individuals;
  vii. Tolerating and perpetuating a code of silence within the Anaheim Police Department, whereby officers fail to report or intervene in misconduct by fellow officers;

43.47. These unconstitutional policies, practices, and customs were the moving force behind the constitutional violations suffered by Mr. Santana.

44.48. As a direct and proximate result of the above-described customs, policies, and practices, Mr. Santana was subjected to excessive and unreasonable force while fully handcuffed and compliant. He sustained a traumatic brain injury, and suffers from continuing symptoms including persistent headaches, vision disturbances, light sensitivity, dizziness, speech impairment, and neurological damage—all of which have substantially impaired his quality of life and require ongoing medical treatment.

45.49. The City of Anaheim had actual or constructive knowledge of these policies and practices and, despite such knowledge, condoned and ratified the unconstitutional conduct of Edgar Ruano DOES 1–5 through its failure to investigate, discipline, retrain, or meaningfully address these violations. The City acted with deliberate indifference to the rights and safety of Mr. Santana and others similarly situated.

46.50. Accordingly, Defendant City of Anaheim is liable to Mr. Santana for compensatory damages pursuant to 42 U.S.C. § 1983.

47.51. Mr. Santana also seeks attorneys' fees and costs incurred in pursuing this claim, pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**Against City of Anaheim**

48.52. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.53. As alleged above, Edgar Ruano DOES 1–5 acted under color of state law, and his their acts deprived Mr. Santana of his particular rights under the United States Constitution.

50.54. The training policies of City of Anaheim were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

55. Defendants City of Anaheim was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

56. The failure of Defendants City of Anaheim to provide adequate training caused the deprivation of the plaintiffs' rights by Edgar Ruano ~~DOES 1–5~~; that is, the defendant's failure to train is so closely related to the deprivation of ~~the~~ Mr. Santana's rights as to be the moving force that caused the ultimate injury.

57. By reason of the aforementioned acts and omissions caused Mr. Santana to suffer great physical and emotional harm.

58. Accordingly, City of Anaheim is liable to Mr. Santana for compensatory damages under 42 U.S.C. § 1983.

59. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### Against City of Anaheim

56.60. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57.61. As alleged above, Edgar Ruano DOES 1–5 acted under color of state law, and his their acts deprived Mr. Santana of his particular rights under the United States Constitution.

58.62. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Edgar Ruano DOES 1–5 ratified (or will ratify) the acts of Edgar Ruano DOES 1–5 and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of Edgar Ruano DOES 1–5.

59.63. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Edgar Ruano DOES 1–5 were "within policy."

60.64. On information and belief, Edgar Ruano DOES 1–5 was were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with this incident.

61.65. Accordingly, City of Anaheim is liable to Mr. Santana for compensatory damages under 42 U.S.C. § 1983.

62.66. Mr. Santana seeks compensatory damages under this claim.

63.67. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant to 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### Battery

### Against All Defendants

64.68. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65.69. Edgar Ruano's DOES 1–5 use of force against Mr. Santana were excessive and unreasonable under the circumstances.

66.70. As a result of the excessive force inflicted by Edgar Ruano DOES 1–5, Mr. Santana sustained a traumatic brain injury, including a left-sided subdural hematoma. He has suffered—and continues to suffer—from a constellation of serious neurological and physical symptoms, including persistent and severe headaches, visual disturbances (such as black and white spots, blurred, doubled, or "meshed" vision), increased sensitivity to light, speech difficulties, neck and back pain, shoulder pain, dizziness, numbness, and tingling in his extremities. These symptoms have not only persisted but have worsened over time, substantially impacting Mr. Santana's daily functioning and quality of life. He continues to require ongoing medical care, neurological evaluation, and treatment.

67.71. The use of force and restraint against Mr. Santana was objectively unreasonable. When Edgar Ruano DOES 1–5 dropped Mr. Santana to the ground injuring his head even though Mr. Santana was already handcuffed and did not pose a threat to anyone. Mr. Santana was offering minimal resistance.

68.72. As a direct and proximate result of the conduct of Edgar Ruano DOES 1–5 as alleged above, Mr. Santana suffered significant damages related to his physical and emotional injuries.

69.73. City of Anaheim is vicariously liable for the wrongful acts of Edgar Ruano DOES 1–5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70.74. The conduct of Edgar Ruano DOES 1–5 was malicious, wanton,

oppressive, and accomplished with a conscious disregard for the rights of Mr. Santana, entitling him to an award of punitive damages in addition to compensatory damages.

### SEVENTH CLAIM FOR RELIEF

**Negligence**

**Against All Defendants**

71.75. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.76. Edgar Ruano DOES 1-5 has have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using severe or deadly force as a last resort.

73.77. Edgar Ruano DOES 1-5 breached this duty of care. The actions and inactions of Edgar Ruano DOES 1-5 were negligent and reckless, including but not limited to:

    i. Dropping Mr. Santana while he was handcuffed, causing him to his head on the ground.

    ii. Failing to promptly call paramedics despite Mr. Santana's obvious severe injury.

    iii. Causing a delay in Mr. Santana's receipt of medical care, despite the obvious and urgent need.

78. As a direct and proximate result of Defendant's conduct as alleged above, and other undiscovered negligent conduct, Mr. Santana was caused to suffer severe pain and suffering and permanent physical injuries.

74.79. Mark Hwang breached his duty of care through his negligent tactics in assisting with the detention and placement of Mr. Santana into the patrol vehicle while Mr. Santana was handcuffed, which created the circumstances leading to his

1 head injury.

2 ~~75.~~80. City of Anaheim is vicariously liable for the wrongful acts of Edgar Ruano ~~DOES 1–5~~ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

~~76.~~81. Mr. Santana seeks compensatory damages under this claim.

## EIGHTH CLAIM FOR RELIEF
### Violation of Cal. Civil Code § 52.1
### Against All Defendants

~~77.~~82. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

~~78.~~83. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

~~79.~~84. On information and belief, Edgar Ruano ~~DOES 1–5~~, while working for the City of Anaheim and acting within the course and scope of his ~~their~~ duties, intentionally committed acts of violence against Mr. Santana, including injuring his head while he was fully handcuffed, all without justification or excuse, or by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care. Edgar Ruano's ~~DOES 1–5'~~ intent to violate Mr. Santana's constitutional rights is demonstrated by his ~~their~~ reckless disregard for Mr. Santana's constitutional rights.

~~80.~~85. Edgar Ruano's ~~DOES 1–5's~~ use of extreme force and subsequent mistreatment of Mr. Santana's injured body interfered with his civil rights to be free from unreasonable searches and seizures, and his right to medical care to mitigate caused by the deputies use of force.

81.86. On information and belief, Edgar Ruano DOES 1-5 intentionally and spitefully committed the above acts to discourage Mr. Santana from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

82.87. On information and belief, Mr. Santana reasonably believed and understood that the violent acts committed by Edgar Ruano DOES 1-5 were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

83.88. The conduct of Edgar Ruano DOES 1-5 was a substantial factor in causing Mr. Santana's harms, losses, injuries, and damages.

84.89. City of Anaheim is vicariously liable for the wrongful acts of Edgar Ruano DOES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.90. The conduct of Edgar Ruano DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Santana and therefore warrants the imposition of exemplary and punitive damages as to this these Defendants.

86.91. Mr. Santana seeks attorney's fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Anaheim, and Edgar Ruano and Mark Hwang DOES 1-5, as follows:

A. For compensatory damages in an amount according to proof at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against Edgar Ruano DOES 1–5 in an amount to be proven at trial;

F. Attorney's fees pursuant to 42 U.S.C. § 1988;

G. For interest;

H. For reasonable costs of this suit; and

For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 12, 2025December 12, 2025December 2, 2025    LAW OFFICES OF DALE K. GALIPO

_____
Dale K. Galipo
*Attorney for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 12, 2025December 12, 2025December 2, 2025    LAW OFFICES OF DALE K. GALIPO

_____
Dale K. Galipo
*Attorney for Plaintiffs*