**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Santana,<br><br>        Plaintiff,<br><br>    vs.<br><br>City of Anaheim, Edgar Ruano, and Mark Hwang<br><br>        Defendants. | Case No. 8:25-cv-01327-JWH-DFM<br><br>*Judge John W. Holcomb*<br><br>**NOTICE OF REVISIONS OF FIRST AMENDED COMPLAINT** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Court's request, the parties submit the redlined version of the First Amended Complaint, attached hereto as "**Exhibit A.**"

Dated: December 16, 2025          **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff David Santana

# EXHIBIT A



**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

David Santana,

      Plaintiff,

      vs.

City of Anaheim, ~~and DOES 1–10Officer~~ Edgar Ruano, and Mark Hwang

      Defendants.

Case No. 8:25cv1327-JWH-DFM

**AMENDED COMPLAINT FOR DAMAGES**

Federal Law Claims
1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)
3. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)
4. Municipal Liability, Failure to Train (42 U.S.C. § 1983)
5. Municipal Liability – Ratification (42 U.S.C. § 1983)

State Law Claims
6. Battery
7. Negligence
8. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES

1            **COMPLAINT FOR DAMAGES**

2         COME NOW Plaintiff David Santana for his Complaint against Defendants

3 City of Anaheim, ~~and Anaheim Police Officer~~Edgar Ruano, and Mark Hwangs,

4 ~~DOES 1–5, sued in their individual capacities~~, alleging as follows:

5            **JURISDICTION AND VENUE**

6        1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

7 1343(a)(3)-(4) because Mr. Santana asserts claims arising under the laws of the

8 United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth

9 Amendments of the United States Constitution.

10        2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because

11 Defendants reside in this district and all incidents, events, and occurrences giving

12 rise to this action occurred in this district.

13               **INTRODUCTION**

14        3.      On June 25, 2023 the ordinary life of Plaintiff David Santana, a US

15 military veteran, was catastrophically and irrevocably shattered.

16        4.      In an unjustified and excessive ~~display~~ use of force, Edgar Ruano

17 ~~Anaheim police officers, whose identities are yet to be ascertained,~~ dropped Mr.

18 Santana on his head while he was fully handcuffed. This violent act caused a

19 traumatic brain injury, resulting in a left-sided subdural hematoma, ~~and~~ aggravating

20 a history of prior head injuries, and caused permanent brain damages. In the

21 aftermath, Mr. Santana experienced severe and worsening symptoms, including

22 persistent left-sided headaches, neck and back pain, shoulder pain, numbness and

23 tingling, speech difficulties, dizziness, joint pain, and vision disturbances such as

24 seeing black and white spots, double or "meshed" vision, difficulty focusing, and

25 heightened light sensitivity. He continues to require a comprehensive medical

26 evaluation to assess the extent of the damage.

27        5.      These tragic events are a direct consequence of the deeply flawed

28 policies and practices at the City of Anaheim Police Department. The department's

1  inadequate and deficient training procedures have not only failed to prevent such

2  instances of excessive force, but also, the department has ratified the

3  unconstitutional conduct of their officers time and time again.

4  **PARTIES**

5  6.    At all relevant times, Plaintiff David Santana was an individual residing

6  in the State of California.

7  7.    Defendant City of Anaheim is a political subdivision of the State of

8  California. In committing the acts alleged herein, the City of Anaheim was acting as

9  a local government entity, not as an "arm of the state" for purposes of Eleventh

10 Amendment immunity.

11 8.    City of Anaheim is responsible for the actions, omissions, policies,

12 procedures, practices, and customs of its various departments and agents, including

13 the Anaheim Police Department and its employees. At all relevant times, the City of

14 Anaheim was responsible for ensuring that the conduct of its police officers and

15 other agents complied with the laws and constitutions of the United States and the

16 State of California. The City of Anaheim was also the employer of Edgar

17 Ruano~~DOES 1–5~~.

18 9.    Edgar Ruano is an~~DOES 1–5 are~~ Anaheim police officer~~s~~. At all

19 relevant times, Edgar Ruano was~~DOES 1–5 were~~ acting under color of law and

20 within the course and scope of ~~their~~ his employment as a police officer~~s~~ for the City

21 of Anaheim. Edgar Ruano~~DOES 1–5~~ engaged in the conduct described herein with

22 the full authority, approval, and ratification of their employer, the City of Anaheim.

23 10.   On information and belief, Edgar Ruano was a~~DOES 1–5 were~~

24 resident~~s~~ of the County of Orange, California, at all relevant times.

25 11.   In doing the acts and failing to act as described herein, Edgar

26 Ruano~~DOES 1–5~~ acted with the knowledge, consent, and ratification of the City of

27 Anaheim and its supervisory personnel.

28 ~~12.   The true names and capacities, whether individual, corporate, or~~

1  otherwise, of Defendants sued herein as DOES 1–5 are unknown to Plaintiff, who

2  therefore sues these Defendants by fictitious names. Plaintiff will seek leave to

3  amend this Complaint to allege their true names and capacities when they are

4  ascertained.

5      13.    At all relevant times, DOES 1–5 were acting as agents, servants,

6  employees, and/or representatives of the City of Anaheim, and in doing the things

7  alleged herein, were acting within the course and scope of such agency, service,

8  and/or employment. The City of Anaheim ratified the acts and omissions of DOES

9  1–5.

10      12.    Edgar Ruano is DOES 1–5 are sued in their his individual capacity yies.

11      13.    Mark Hwang is an Anaheim police officer. At all relevant times, Mark

12  Hwang was acting under color of law and within the course and scope of his

13  employment as a police officer for the City of Anaheim. Mark Hwang engaged in

14  the conduct described herein with the full authority, approval, and ratification of

15  their employer, the City of Anaheim.

16      14.    On information and belief, Mark Hwang was a resident of the County

17  of Orange, California, at all relevant times.

18      15.    In doing the acts and failing to act as described herein, Mark Hwang

19  acted with the knowledge, consent, and ratification of the City of Anaheim and its

20  supervisory personnel.

21      14.16. Mark Hwang is sued in his individual capacity.

22      15.17. On or about November 29, 2023, Plaintiff David Santana filed a timely

23  claim for damages with the City of Anaheim pursuant to the applicable provisions of

24  the California Government Code.

25          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

26      16.18. On or about June 25, 2023, Plaintiff David Santana was subjected to

27  excessive and unjustified force by officers of the Anaheim Police Department,

28  identified herein as Edgar Ruano. DOES 1–5.

-3-
COMPLAINT FOR DAMAGES

19.    At the time of the incident, Mr. Santana was fully handcuffed and posed no threat to the officers or to anyone else. Despite this, Edgar Ruano DOES 1–5 dropped Mr. Santana to the ground causing him to his head.

17.20. Mark Hwang was present and assisted in detaining and moving Mr. Santana. Hwang participated in the tactics used to place Mr. Santana into the patrol vehicle, which directly contributed to the circumstances that resulted in Mr. Santana being dropped to the ground.

18.21. This use of extreme force on a restrained and compliant individual was wholly unnecessary and unreasonable under the circumstances.

19.22. As a result of the force used by Edgar Ruano DOES 1–5, Mr. Santana sustained a traumatic brain injury, including a left-sided subdural hematoma. He experienced numerous symptoms, including severe headaches, visual disturbances (such as seeing black and white spots and "meshed" or doubled vision), sensitivity to light, speech difficulties, neck and back pain, shoulder pain, dizziness, numbness, and tingling. These symptoms have persisted and worsened over time and require ongoing medical evaluation and care.

20.23. The conduct of Edgar Ruano DOES 1–5 was malicious, wanton, and oppressive. Mr. Santana is therefore entitled to an award of punitive damages against said defendant officers.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment, Excessive Force (42 U.S.C. § 1983)

**Against Defendants Edgar Ruano and Mark Hwang Does 1–5**

21.24. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22.25. Edgar Ruano's DOES 1–5 use of force against Mr. Santana was were excessive and unreasonable under the circumstances. These Defendants encountered Mr. Santana who may have been in the midst of a mental health crisis, and instead of

-4-

providing the assistance he needed, he they detained and severely battered him. At the time of the incident, Mr. Santana offered minimal resistance to the officers, made no attempt to flee, and had committed no serious crime.

23.26. These Defendant's's' uses of force was were further excessive in that Mr. Santana never physically injured him them or anyone else before or after the officers assaulted him. Further, Mr. Santana never verbally threatened anyone, and never brandished a weapon.

24.27. The unreasonable use of force by Edgar Ruano DOES 1–5 deprived Mr. Santana of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Santana under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.28. As a result of the excessive force inflicted by Edgar Ruano DOES 1–5, Mr. Santana sustained a traumatic brain injury, including a left-sided subdural hematoma. He has suffered—and continues to suffer—from a constellation of serious neurological and physical symptoms, including persistent and severe headaches, visual disturbances (such as black and white spots, blurred, doubled, or "meshed" vision), increased sensitivity to light, speech difficulties, neck and back pain, shoulder pain, dizziness, numbness, and tingling in his extremities. These symptoms have not only persisted but have worsened over time, substantially impacting Mr. Santana's daily functioning and quality of life. He continues to require ongoing medical care, neurological evaluation, and treatment.

29.    As a result of the conduct of Edgar Ruano DOES 1–5, he they is are liable for Mr. Santana's injuries—whether because he they directly caused them, was were an integral participants in the use of excessive force, or failed to intervene to prevent the constitutional violations.

26.30. Mark Hwang is liable for Mr. Santana's injuries as an integral participant in the use of excessive force. Hwang was present, assisted in the detention, and participated in the plan that led to Mr. Santana's head injury. Hwang

-5-
COMPLAINT FOR DAMAGES

1  also failed to intervene to prevent the constitutional violation.

2      27.31. The conduct of Edgar Ruano DOES 1–5 was willful, wanton,

3  malicious, and done with reckless disregard for the rights and safety of Mr. Santana

4  and therefore warrants the imposition of punitive damages against him them.

5      28.32. Mr. Santana brings this claim and seeks damages on this claim,

6  including for Mr. Santana's injuries, including for pain and suffering, emotional

7  distress from his physical injuries, humiliation, financial loss, and reduced earning

8  capacity.

9      29.33. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant

10  to 42 U.S.C. § 1988.

11              **SECOND CLAIM FOR RELIEF**

12      **Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)**

13          **Against Defendant Edgar Ruano Does 1–5**

14      30.34. Mr. Santana repeats and realleges each and every allegation in the

15  foregoing paragraphs of this Complaint with the same force and effect as if fully set

16  forth herein.

17      31.35. Following his their use of excessive force against Mr. Santana,

18  Defendants Edgar Ruano DOES 1–5 failed to promptly summon or provide

19  necessary medical care despite being aware of his serious and obvious injuries.

20      32.36. Mr. Santana exhibited clear signs of medical distress, including head

21  trauma, disorientation, visible pain, and neurological symptoms. Nevertheless, Edgar

22  Ruano DOES 1–5 failed to take reasonable steps to secure timely medical treatment

23  or alert emergency medical personnel, despite their legal obligation to do so under

24  the Fourth Amendment.

25      33.37. The failure of Edgar Ruano DOES 1–5 to obtain or provide medical

26  care was objectively unreasonable under the circumstances and constituted a further

27  violation of Mr. Santana's rights under the Fourth Amendment to be free from

28  unreasonable seizures and the use of force without adequate medical attention.

1    ~~34.~~38. As a direct and proximate result of Defendant~~'s~~ denial of medical care,

2    Mr. Santana's injuries were exacerbated, his suffering was prolonged, and his long-

3    term prognosis was worsened. He continues to suffer from ongoing neurological and

4    physical impairments that require medical attention.

5    ~~35.~~39. Edgar Ruano ~~DOES 1–5~~ is ~~are~~ liable for the denial of medical care

6    because he ~~they~~ was ~~were~~ directly involved in Mr. Santana's detention and the use of

7    force, was ~~were~~ aware of his need for medical attention, and failed to act.

8    ~~36.~~40. The conduct of Edgar Ruano ~~DOES 1–5~~ was willful, wanton,

9    malicious, and done with reckless disregard for the rights and safety of Mr. Santana

10    and therefore warrants the imposition of punitive damages against him ~~them~~.

11    ~~37.~~41. Mr. Santana brings this claim and seeks damages on this claim,

12    including for Mr. Santana's injuries, including for pain and suffering, emotional

13    distress from his physical injuries, humiliation, financial loss, and reduced earning

14    capacity.

15    ~~38.~~42. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant

16    to 42 U.S.C. § 1988.

17    **THIRD CLAIM FOR RELIEF**

18    **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

19    **Against City of Anaheim**

20    ~~39.~~43. Mr. Santana repeats and realleges each and every allegation in the

21    foregoing paragraphs of this Complaint with the same force and effect as if fully set

22    forth herein.

23    ~~40.~~44. As alleged above, Defendant~~s~~ Egar Ruano ~~DOES 1–5~~ acted under color

24    of state law, and his ~~their~~ actions deprived Mr. Santana of rights secured by the

25    United States Constitution, including his Fourth Amendment right to be free from

26    excessive force and unreasonable seizures.

27    ~~41.~~45. On information and belief, Edgar Ruano ~~DOES 1–5~~ was ~~were~~ not

28    disciplined or meaningfully reprimanded in connection with the excessive force used

-7-
COMPLAINT FOR DAMAGES

1  against Mr. Santana.

2      42.46. The acts of Egar Ruano DOES 1–5 were not isolated incidents. Rather,

3  they were consistent with longstanding customs, practices, and policies of the City

4  of Anaheim, including its Police Department. These unconstitutional policies,

5  practices, and customs included, but were not limited to:

6          i.      Using excessive force, particularly by dropping restrained

7                  individuals onto the ground head-first, even when such force is

8                  unnecessary and poses a risk of serious injury;

9          ii.     Failing to adequately train officers in the safe detention and

10                 handling of individuals, including individuals who are

11                 handcuffed or restrained;

12         iii.    Failing to train officers on the dangers and proper medical

13                 response to head injuries;

14         iv.     Employing and retaining officers, including Edgar Ruano DOES

15                 1–5, whom the City of Anaheim knew or reasonably should have

16                 known had dangerous propensities for using excessive force and

17                 abusing their authority;

18         v.      Inadequately supervising, training, and disciplining officers,

19                 including Edgar Ruano DOES 1–5, despite knowledge of their

20                 use-of-force history and associated risks;

21         vi.     Maintaining deficient procedures for reporting, investigating, and

22                 reviewing use-of-force incidents, particularly those involving

23                 vulnerable or restrained individuals;

24         vii.    Tolerating and perpetuating a code of silence within the Anaheim

25                 Police Department, whereby officers fail to report or intervene in

26                 misconduct by fellow officers;

27      43.47. These unconstitutional policies, practices, and customs were the moving

28  force behind the constitutional violations suffered by Mr. Santana.

-8-
COMPLAINT FOR DAMAGES

44.48. As a direct and proximate result of the above-described customs, policies, and practices, Mr. Santana was subjected to excessive and unreasonable force while fully handcuffed and compliant. He sustained a traumatic brain injury, and suffers from continuing symptoms including persistent headaches, vision disturbances, light sensitivity, dizziness, speech impairment, and neurological damage—all of which have substantially impaired his quality of life and require ongoing medical treatment.

45.49. The City of Anaheim had actual or constructive knowledge of these policies and practices and, despite such knowledge, condoned and ratified the unconstitutional conduct of Edgar Ruano DOES 1–5 through its failure to investigate, discipline, retrain, or meaningfully address these violations. The City acted with deliberate indifference to the rights and safety of Mr. Santana and others similarly situated.

46.50. Accordingly, Defendant City of Anaheim is liable to Mr. Santana for compensatory damages pursuant to 42 U.S.C. § 1983.

47.51. Mr. Santana also seeks attorneys' fees and costs incurred in pursuing this claim, pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### Against City of Anaheim

48.52. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49.53. As alleged above, Edgar Ruano DOES 1–5 acted under color of state law, and his their acts deprived Mr. Santana of his particular rights under the United States Constitution.

50.54. The training policies of City of Anaheim were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

-9-
COMPLAINT FOR DAMAGES

1    ~~51.~~55. Defendants City of Anaheim was deliberately indifferent to the obvious

2    consequences of its failure to train its officers adequately.

3    ~~52.~~56. The failure of Defendants City of Anaheim to provide adequate training

4    caused the deprivation of the plaintiffs' rights by Edgar Ruano ~~DOES 1–5~~; that is,

5    the defendant's failure to train is so closely related to the deprivation of ~~the~~ Mr.

6    Santana's rights as to be the moving force that caused the ultimate injury.

7    ~~53.~~57. By reason of the aforementioned acts and omissions caused Mr.

8    Santana to suffer great physical and emotional harm.

9    ~~54.~~58. Accordingly, City of Anaheim is liable to Mr. Santana for

10   compensatory damages under 42 U.S.C. § 1983.

11   ~~55.~~59. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant

12   to 42 U.S.C. § 1988.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

**FIFTH CLAIM FOR RELIEF**

2

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

3

**Against City of Anaheim**

4

~~56.~~60. Mr. Santana repeats and realleges each and every allegation in the

5

foregoing paragraphs of this Complaint with the same force and effect as if fully set

6

forth herein.

7

~~57.~~61. As alleged above, Edgar Ruano ~~DOES 1–5~~ acted under color of state

8

law, and his ~~their~~ acts deprived Mr. Santana of his particular rights under the United

9

States Constitution.

10

~~58.~~62. Upon information and belief, a final policymaker, acting under color of

11

law, who had final policymaking authority concerning the acts of Edgar Ruano

12

~~DOES 1–5~~ ratified (or will ratify) the acts of Edgar Ruano ~~DOES 1–5~~ and the bases

13

for them. Upon information and belief, the final policymaker knew of and

14

specifically approved of (or will specifically approve of) the acts of Edgar Ruano

15

~~DOES 1–5~~.

16

~~59.~~63. Upon information and belief, a final policymaker has determined (or

17

will determine) that the acts of Edgar Ruano ~~DOES 1–5~~ were "within policy."

18

~~60.~~64. On information and belief, Edgar Ruano ~~DOES 1–5~~ was ~~were~~ not

19

disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection

20

with this incident.

21

~~61.~~65. Accordingly, City of Anaheim is liable to Mr. Santana for

22

compensatory damages under 42 U.S.C. § 1983.

23

~~62.~~66. Mr. Santana seeks compensatory damages under this claim.

24

~~63.~~67. Mr. Santana also seeks attorney's fees and costs for this claim, pursuant

25

to 42 U.S.C. § 1988.

26

**SIXTH CLAIM FOR RELIEF**

27

**Battery**

28

**Against All Defendants**

-11-
COMPLAINT FOR DAMAGES

1    64.68. Mr. Santana repeats and realleges each and every allegation in the

2    foregoing paragraphs of this Complaint with the same force and effect as if fully set

3    forth herein.

4    65.69. Edgar Ruano's DOES 1–5 use of force against Mr. Santana were

5    excessive and unreasonable under the circumstances.

6    66.70. As a result of the excessive force inflicted by Edgar Ruano DOES 1–5,

7    Mr. Santana sustained a traumatic brain injury, including a left-sided subdural

8    hematoma. He has suffered—and continues to suffer—from a constellation of

9    serious neurological and physical symptoms, including persistent and severe

10   headaches, visual disturbances (such as black and white spots, blurred, doubled, or

11   "meshed" vision), increased sensitivity to light, speech difficulties, neck and back

12   pain, shoulder pain, dizziness, numbness, and tingling in his extremities. These

13   symptoms have not only persisted but have worsened over time, substantially

14   impacting Mr. Santana's daily functioning and quality of life. He continues to

15   require ongoing medical care, neurological evaluation, and treatment.

16   67.71. The use of force and restraint against Mr. Santana was objectively

17   unreasonable. When Edgar Ruano DOES 1–5 dropped Mr. Santana to the ground

18   injuring his head even though Mr. Santana was already handcuffed and did not pose

19   a threat to anyone. Mr. Santana was offering minimal resistance.

20   68.72. As a direct and proximate result of the conduct of Edgar Ruano DOES

21   1–5 as alleged above, Mr. Santana suffered significant damages related to his

22   physical and emotional injuries.

23   69.73. City of Anaheim is vicariously liable for the wrongful acts of Edgar

24   Ruano DOES 1–5 pursuant to section 815.2(a) of the California Government Code,

25   which provides that a public entity is liable for the injuries caused by its employees

26   within the scope of the employment if the employee's act would subject him or her

27   to liability.

28   70.74. The conduct of Edgar Ruano DOES 1–5 was malicious, wanton,

1   oppressive, and accomplished with a conscious disregard for the rights of Mr.

2   Santana, entitling him to an award of punitive damages in addition to compensatory

3   damages.

4                   **SEVENTH CLAIM FOR RELIEF**

5                         **Negligence**

6                  **Against All Defendants**

7     ~~71.~~75. Mr. Santana repeats and realleges each and every allegation in the

8   foregoing paragraphs of this Complaint with the same force and effect as if fully set

9   forth herein.

10     ~~72.~~76. Edgar Ruano ~~DOES 1–5~~ has ~~have~~ a duty to use reasonable care to

11   prevent harm or injury to others. This duty includes using appropriate tactics, giving

12   appropriate commands, giving warnings, and not using any force unless necessary,

13   using less than lethal options, and only using severe or deadly force as a last resort.

14     ~~73.~~77. Edgar Ruano ~~DOES 1–5~~ breached this duty of care. The actions and

15   inactions of Edgar Ruano ~~DOES 1–5~~ were negligent and reckless, including but not

16   limited to:

17              i.  Dropping Mr. Santana while he was handcuffed, causing him to

18                 his head on the ground.

19            ii.  Failing to promptly call paramedics despite Mr. Santana's

20                 obvious severe injury.

21           iii.  Causing a delay in Mr. Santana's receipt of medical care, despite

22                 the obvious and urgent need.

23     78.   As a direct and proximate result of Defendant's conduct as alleged

24   above, and other undiscovered negligent conduct, Mr. Santana was caused to suffer

25   severe pain and suffering and permanent physical injuries.

26     ~~74.~~79. Mark Hwang breached his duty of care through his negligent tactics in

27   assisting with the detention and placement of Mr. Santana into the patrol vehicle

28   while Mr. Santana was handcuffed, which created the circumstances leading to his

head injury.

75. 80. City of Anaheim is vicariously liable for the wrongful acts of Edgar Ruano DOES 1–5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. 81. Mr. Santana seeks compensatory damages under this claim.

**EIGHTH CLAIM FOR RELIEF**

**Violation of Cal. Civil Code § 52.1**

**Against All Defendants**

77. 82. Mr. Santana repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78. 83. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

79. 84. On information and belief, Edgar Ruano DOES 1–5, while working for the City of Anaheim and acting within the course and scope of his their duties, intentionally committed acts of violence against Mr. Santana, including injuring his head while he was fully handcuffed, all without justification or excuse, or by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care. Edgar Ruano's DOES 1–5' intent to violate Mr. Santana's constitutional rights is demonstrated by his their reckless disregard for Mr. Santana's constitutional rights.

80. 85. Edgar Ruano's DOES 1–5's use of extreme force and subsequent mistreatment of Mr. Santana's injured body interfered with his civil rights to be free from unreasonable searches and seizures, and his right to medical care to mitigate caused by the deputies use of force.

81.86. On information and belief, Edgar Ruano DOES 1–5 intentionally and spitefully committed the above acts to discourage Mr. Santana from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

82.87. On information and belief, Mr. Santana reasonably believed and understood that the violent acts committed by Edgar Ruano DOES 1–5 were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

83.88. The conduct of Edgar Ruano DOES 1–5 was a substantial factor in causing Mr. Santana's harms, losses, injuries, and damages.

84.89. City of Anaheim is vicariously liable for the wrongful acts of Edgar Ruano DOES 1–5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.90. The conduct of Edgar Ruano DOES 1–5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Santana and therefore warrants the imposition of exemplary and punitive damages as to this these Defendants.

86.91. Mr. Santana seeks attorney's fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Anaheim, and Edgar Ruano and Mark Hwang DOES 1–5, as follows:

    A.    For compensatory damages in an amount according to proof at trial;

    B.    For other general damages in an amount according to proof at trial;

C.  For other non-economic damages in an amount according to proof at trial;

D.  For other special damages in an amount according to proof at trial;

E.  For punitive damages against Edgar Ruano ~~DOES 1–5~~ in an amount to be proven at trial;

F.  Attorney's fees pursuant to 42 U.S.C. § 1988;

G.  For interest;

H.  For reasonable costs of this suit; and

For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 16, 2025 ~~December 12, 2025~~ ~~December 2, 2025~~

LAW OFFICES OF DALE K. GALIPO

_____
Dale K. Galipo
*Attorney for Plaintiffs*

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 16, 2025 ~~December 12, 2025~~ ~~December 2, 2025~~

LAW OFFICES OF DALE K. GALIPO

_____
Dale K. Galipo
*Attorney for Plaintiffs*

-16-