ANAHEIM CITY ATTORNEY'S OFFICE
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
SUNNY HUYNH (SBN 318012)
E-mail: shuynh@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants City of Anaheim,
Edgar Ruano and Mark Hwang

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Santana,<br><br>        Plaintiff,<br><br>    v.<br><br>City of Anaheim, Edgar Ruano, and Mark Hwang<br><br>        Defendants. | Case No.: 8:25-cv-01327 JWH (DFMx)<br><br>Assigned to:   Hon. John W. Holcomb<br>Dept.:              9D<br><br>**ANSWER TO AMENDED COMPLANT FOR DAMAGES**<br><br>Action Filed:  6/19/2025<br>Trial Date:      11/2/2026 |

Defendants the City of Anaheim ("Anaheim"), Edgar Ruano and Mark Hwang (collectively "Defendants") hereby answer Plaintiff's Amended Complaint for Damages (the "complaint") on file herein as follows:

## ANSWER

1. Answering paragraphs 1-2, Defendants admit that jurisdiction and venue properly lie with this Court.

2. Answering paragraph 3, Defendants lack sufficient information and belief to respond to the allegations contained therein and on that basis denies these allegations.

3. Answering paragraph 4, Defendants deny that any of them used unjustified or excessive force during the alleged incident. With respect to the remaining allegations in this paragraph regarding alleged injuries to plaintiff, Defendants lack sufficient information and belief to respond to the allegations contained therein and on that basis denies these allegations.

4. Answering paragraph 5, Defendants deny the allegations contained therein.

5. Answering paragraph 6, Defendants lack sufficient information and belief to respond to the allegations regarding plaintiff's residence contained therein and on that basis denies these allegations.

6. Answering paragraph 7, Defendants admit that Anaheim is a political subdivision of the State of California and a local government entity. Except for conclusions of law requiring no answer, Defendants deny the remaining allegations of this paragraph.

7. Answering paragraph 8, and except for conclusions of law requiring no answer, Defendants admit that Anaheim was the employer of defendant Ruano.

8. Answering paragraph 9, Defendants admit that defendant Ruano is an Anaheim police officer. Defendants deny that any of Anaheim's police officers violated plaintiff's Constitutional rights or that Anaheim ratified any violation of plaintiff's Constitutional rights.

9. Answering paragraph 10, Defendants deny the allegations contained therein.

10. Answering paragraph 11, Defendants deny that any of Anaheim's police officers violated plaintiff's Constitutional rights or that Anaheim knew of, consented to or ratified any violation of plaintiff's Constitutional rights.

11. Paragraph 12 consists only of conclusions of law requiring no answer.

1   12.   Answering paragraph 13, Defendants admit that defendant Hwang is an Anaheim police officer. Defendants deny that any of Anaheim's police officers violated plaintiff's Constitutional rights or that Anaheim ratified any violation of plaintiff's Constitutional rights.

13.   Answering paragraph 14, Defendants admit the allegation contained therein.

14.   Answering paragraph 15, Defendants deny that any of Anaheim's police officers violated plaintiff's Constitutional rights or that Anaheim knew of, consented to or ratified any violation of plaintiff's Constitutional rights.

15.   Paragraph 16 consists only of conclusions of law requiring no answer.

16.   Answering paragraph 17, Defendants admit that plaintiff filed a timely claim for damages with Anaheim.

17.   Answering paragraphs 18-19, Defendants deny the allegations contained therein.

18.   Answering paragraph 20 Defendants admit that defendant Hwang was present during portions of the alleged incident. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

19.   Answering paragraphs 21-23, Defendants deny the allegations contained therein.

20.   Answering paragraph 24, Defendants incorporate their responses to Paragraphs 1-23 as if fully set forth herein.

21.   Answering paragraph 25, Defendants admit that one or more of Anaheim's police officers detained plaintiff. Except as expressly admitted, Defendants deny the remaining allegations contained in this paragraph.

22.   Answering paragraphs 26-31, Defendants deny the allegations contained therein.

///

23. Answering paragraphs 32-33, Defendants deny that plaintiff is entitled to any damages, fees or costs in this action.

24. Answering paragraph 34, Defendants incorporate their responses to Paragraphs 1-33 as if fully set forth herein.

25. Answering paragraphs 35-40, Defendants deny the allegations contained therein.

26. Answering paragraphs 41-42, Defendants deny that plaintiff is entitled to any damages, fees or costs in this action.

27. Answering paragraph 43, Defendants incorporate their responses to Paragraphs 1-42 as if fully set forth herein.

28. Answering paragraph 44, Defendants deny the allegations contained therein.

29. Answering paragraph 45, Defendants deny that defendant Ruano used excessive force against plaintiff.

30. Answering paragraphs 46-47, Defendants deny that any of Anaheim's police officers violated plaintiff's Constitutional rights or acted pursuant to unconstitutional policies, practices, or customs.

31. Answering paragraphs 48-49, Defendants deny the allegations contained therein.

32. Answering paragraphs 50-51, Defendants deny that plaintiff is entitled to any damages, fees or costs in this action.

33. Answering paragraph 52, Defendants incorporate their responses to Paragraphs 1-51 as if fully set forth herein.

34. Answering paragraphs 53-57, Defendants deny the allegations contained therein.

35. Answering paragraphs 58-59, Defendants deny that plaintiff is entitled to any damages, fees or costs in this action.

///

1  36. Answering paragraph 60, Defendants incorporate their responses to
2  Paragraphs 1-59 as if fully set forth herein.
3  37. Answering paragraph 61, Defendants deny the allegations contained
4  therein.
5  38. Answering paragraphs 62-64, Defendants deny that any of
6  Anaheim's police officers violated plaintiff's Constitutional rights or that
7  Anaheim ratified any violation of plaintiff's Constitutional rights.
8  39. Answering paragraphs 65-67, Defendants deny that plaintiff is
9  entitled to any damages, fees or costs in this action.
10 40. Answering paragraph 68, Defendants incorporate their responses to
11 Paragraphs 1-67 as if fully set forth herein.
12 41. Answering paragraphs 69-72, Defendants deny the allegations
13 contained therein.
14 42. Answering paragraph 73, and except for conclusions of law
15 requiring no answer, Defendants deny the allegations contained therein.
16 43. Answering paragraph 74, Defendants deny the allegations contained
17 therein.
18 44. Answering paragraph 75, Defendants incorporate their responses to
19 Paragraphs 1-74 as if fully set forth herein.
20 45. Paragraph 76 consists only of conclusions of law requiring no
21 answer.
22 46. Answering paragraphs 77-79, Defendants deny the allegations
23 contained therein.
24 47. Answering paragraph 80, and except for conclusions of law
25 requiring no answer, Defendants deny the allegations contained therein.
26 48. Answering paragraph 81, Defendants deny that plaintiff is entitled
27 to any damages in this action.
28 ///

49. Answering paragraph 82, Defendants incorporate their responses to Paragraphs 1-81 as if fully set forth herein.

50. Paragraph 83 consists only of conclusions of law requiring no answer.

51. Answering paragraphs 84-88, Defendants deny the allegations contained therein.

52. Answering paragraph 89, and except for conclusions of law requiring no answer, Defendants deny the allegations contained therein.

53. Answering paragraph 90, Defendants deny the allegations contained therein.

54. Answering paragraph 91, Defendants deny that plaintiff is entitled to any damages, fees or costs in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55. The complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

56. The acts or omissions alleged were not the proximate result of the conduct of Defendants or were proximately caused by persons or entities other than Defendants such that Defendants cannot be held liable for such acts or omissions.

### THIRD AFFIRMATIVE DEFENSE

57. Defendants Ruano and Hwang are immune from liability for certain of plaintiff's claims herein because, at all times mentioned in the Complaint, each conducted himself reasonably, in good faith, in the course and scope of his

duties and within all constitutional and statutory parameters pertaining to his actions as a duly authorized police officer, and thus is entitled to immunity from suit herein.

### FOURTH AFFIRMATIVE DEFENSE

58.   The complaint has failed to state facts sufficient to constitute a claim against Anaheim in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### FIFTH AFFIRMATIVE DEFENSE

59.   Some or all of the claims set forth in the complaint are barred in that, at all relevant times, defendants acted reasonably, with a good faith belief in the legality of their respective actions, based upon probable cause and the relevant facts and circumstances known to each of them at the time they acted.

### SIXTH AFFIRMATIVE DEFENSE

60.   Plaintiff failed to exercise ordinary care, caution and prudence for his own welfare so as to avoid the happening of the alleged injuries and thereby contributed thereto.  Plaintiff's recovery is therefore barred to the degree of such contribution.

### SEVENTH AFFIRMATIVE DEFENSE

61.   With respect to certain matters alleged in the complaint, defendants Ruano and Hwang were acting in self-defense or defense of others.

### EIGHTH AFFIRMATIVE DEFENSE

62.   The conduct alleged was not a substantial factor in causing the harm alleged.

## NINTH AFFIRMATIVE DEFENSE

63.     The actions of defendants Ruano and Hwang were privileged by virtue of Penal Code §§196, 197, 834a and 835a which governs the lawful use of force by police officers. Penal Code §835a provides: "Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested; nor shall such officer be deemed the aggressor or lose his right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance." Further, the actions of defendants Ruano and Hwang were privileged by virtue of Penal Code §834a which provides: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using any force or any weapon to resist such arrest."

## TENTH AFFIRMATIVE DEFENSE

64.     Defendants deny that any defendant engaged in the wrongful conduct alleged in the complaint or that plaintiff suffered any damages whatsoever as a result of any wrongful conduct by any of defendants; however, to the extent plaintiff claims to have suffered damages as a result of the conduct alleged in the complaint, some alleged damages were the result of plaintiff's failure to take reasonable steps to mitigate the damages allegedly suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

65.     Any recovery on the complaint is barred or limited by the comparative fault of plaintiff. If any defendant is held liable under the

complaint, Defendants request an apportionment of fault be made as to all parties, named and unnamed, and a judgment and declaration of partial indemnification and contribution against all other parties or persons, named and unnamed, in accordance with the apportionment of fault.

TWELFTH AFFIRMATIVE DEFENSE

66. Any act or omission attributable to defendant Ruano or defendant Hwang, including any alleged use of force, was objectively reasonable under all of the circumstances. *Graham v. Connor* 490 U.S. 386, 387 (1989); *Blanford v. Sacramento* 406 F.3d 1110, 1115 (9th Cir. 2005).

THIRTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff has failed to allege facts sufficient to state a cause of action upon which relief can be granted for violation of Civil Code § 52.1. Neither defendant Ruano nor defendant Hwang had "specific intent" or "purpose to harm" plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

68. With respect to certain claims, defendants Ruano and Hwang are immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815, 818.2, 820, 820.2, 820.6, 820.8, 845.6 and 845.8(b); and California Penal Code §§ 834, 835 and 836.5.

FIFTEENTH AFFIRMATIVE DEFENSE

69. Anaheim is not liable for the damages alleged in the complaint by reason of the provisions of California Government Code § 815.2(b), in that a

///

public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

70. Defendants Ruano and Hwang are not liable for the damages, if any, alleged in the complaint by reason of the provisions of California Government Code § 820.4, in that a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

71. Any alleged detention by defendant Ruano or Hwang was supported by reasonable suspicion. *People v. Souza* (1994) 9 Cal.4th 224, 231. Any alleged arrest by defendant Ruano or Hwang was supported by probable cause. California Penal Code § 836.

### EIGHTEENTH AFFIRMATIVE DEFENSE

72. Some or all of plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

73. Defendants are informed and believes, and based thereon allege, that certain additional affirmative defenses are available. Said affirmative defenses will require a certain amount of discovery and/or investigation before they can properly be alleged. Defendants will move to amend this Answer to allege such additional affirmative defenses once they have been fully ascertained and can be properly pleaded. Said affirmative defenses are not being brought at this time due to lack of time and/or information in which to plead them.

Wherefore, Defendants pray for relief as follows:

1. That Plaintiff take nothing by his complaint herein;

2. That Defendants be awarded their costs of suit, including attorneys' fees, pursuant to 42 U.S.C. §1988 and C.C.P. §§1021.7 and 1038; and

3. For such other and further relief as the Court deems just and proper.

ROBERT FABELA, CITY ATTORNEY

By:     /S/ Gregg M. Audet
    Gregg M. Audet
    Assistant City Attorney
    Attorneys for Defendants
    City of Anaheim, Edgar Ruano
    and Mark Hwang

157130