**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SANTANA,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF ANAHEIM, EDGAR RUANO, AND MARK HWANG,<br><br>       Defendants. | Case No.: 8:25-cv-01327 JWH (DFMx)<br>Hon. John W. Holcomb<br><br>**JOINT STIPULATION TO EXTEND DEADLINES** |

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Initial Expert Disclosures | May 29, 2026 | June 26, 2026 |
| Rebuttal Expert Disclosures | June 12, 2026 | July 10, 2026 |
| Discovery Cutoff | June 26, 2026 | July 24, 2026 |
| Last Day to Hear Dispositive Motions | September 4, 2026 | September 11, 2026 |

Plaintiff David Santana ("Plaintiff") and Defendants City of Anaheim and Edgar Ruano (collectively, "Defendants") (together, the "Parties"), by and through their respective counsel of record, hereby stipulate and request that this Court

1

modify the Scheduling Order to extend the expert discovery deadlines as set forth below.

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id.* 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Plaintiff filed this action on June 19, 2025. The City of Anaheim filed its Answer on July 22, 2025. On September 17, 2025, this Court issued its Scheduling Order. Thereafter, the Parties stipulated to allow Plaintiff to file an amended complaint, and Plaintiff filed his First Amended Complaint on December 16, 2025. Defendants filed their Answer to the First Amended Complaint on January 5, 2026. On March 10, 2026, the Court entered a Stipulated Protective Order, and on March 11, 2026, the Parties filed a Joint Stipulation to Dismiss Defendant Mark Hwang.

The Parties have diligently pursued discovery in this matter and are approaching a private mediation in good faith. The Parties have retained mediator Richard Copeland for a mediation session scheduled for April 10, 2026.

Given the complexity of the medical issues involved, expert discovery in this case will be expensive. The Parties believe the case is better positioned for resolution if mediation occurs before the Parties have incurred the substantial costs associated with expert discovery. Under the current Scheduling Order, initial

2

expert disclosures are due May 29, 2026. Although the mediation is scheduled before that deadline, the Parties would need to begin retaining experts, reviewing records, and preparing expert reports well in advance of the May 29, 2026 disclosure date—meaning that significant expert costs would be incurred in the weeks leading up to the April 10, 2026 mediation. By extending the expert discovery deadlines, the Parties will be able to attend mediation without having already committed substantial resources to expert work, thereby maximizing the prospects for a successful resolution. The Parties are optimistic that the April 10, 2026 mediation will result in resolution of this case.

Accordingly, the Parties respectfully request a four-week extension of the expert discovery deadlines. The Parties also request a one-week extension of the deadline for the last day to hear dispositive motions. These requested extensions do not impact any other deadlines in the Scheduling Order, and importantly, will not affect the trial date. The Parties propose the following modified deadlines:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Initial Expert Disclosures | May 29, 2026 | June 26, 2026 |
| Rebuttal Expert Disclosures | June 12, 2026 | July 10, 2026 |
| Discovery Cutoff | June 26, 2026 | July 24, 2026 |
| Last Day to Hear Dispositive Motions | September 4, 2026 | September 11, 2026 |

The one-week extension of the last day to hear dispositive motions is necessary to ensure that expert discovery has been completed before any dispositive motion is due. By extending the last day to hear dispositive motions to September 11, 2026, the Parties will have adequate time to complete expert discovery and file a fully informed motion for summary judgment, if necessary. No other deadlines in the Scheduling Order, including the trial date, would need to be modified.

This is the first request by the Parties for any modification to the Scheduling Order in this action.

For the foregoing reasons, the Parties respectfully request that the Court approve this Stipulation and enter the accompanying Proposed Order modifying the Scheduling Order as set forth above.

Dated: March 13, 2026         **LAW OFFICES OF DALE K. GALIPO**

By:   /s/   *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne[1]

*Attorneys for Plaintiff*

DATED: March 13, 2026         ROBERT FABELA, CITY ATTORNEY

By:   /s/ *Gregg M. Audet*
Gregg M. Audet
Assistant City Attorney
Attorneys for Defendants
City of Anaheim, Edgar Ruano
and Mark Hwang

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.